Good morning, and may it please the Court. Damon Andrews for Jarius Phillips. Jarius Phillips is serving four life sentences plus 45 years for crimes he committed as a juvenile nearly two decades ago. In this straightforward case of statutory interpretation, Mr. Phillips seeks this Court's pre-filing authorization, PFA, to challenge the constitutionality of his life sentences under Miller v. Alabama. Although Mr. Phillips put the statutory language that governs the PFA motion front and center in his petition for initial hearing in bunk, and open... I thought your case falls under grant. This is a Miller case, Your Honor. Front and center... Is this a homicide case? It's not a homicide. Miller is not limited to homicide. Well, Miller talks about its rationale, but didn't it apply to homicides? The specific facts of Miller were homicide, but I think it's important to look at the claim we're making here. In this Court and Supreme Court, it said the claim is one part facts, one part remedy. Well, let me ask you, the whole notion of treating juveniles differently and putting limitations on the sentence was raised in Graham. Why did you raise Graham in the first petition if it's not applicable? I'm not saying it's not applicable. I think you can have both a petitioner who would be qualifying under Graham and Miller. Didn't you raise Miller in the first petition? We preserved it in the first petition, but we're not barred under B-1. Well, wasn't Miller available to you then? It was not available to me. Why? This Court's en banc decision in N. Ray Vial, and there the Court said, only when the Supreme Court declares the collateral availability of the rule does it become available. And, in fact, this Court in Johnson said that no, Miller is not retroactive, and the Supreme Court comes along in Montgomery and says, yes, it is retroactive. And so all he did – What did Miller give you that you didn't have under Graham? The right to a corrugability hearing. And I think that under Graham, a petitioner could come along and say, Graham violates my constitutional rights, and he could move to vacate the sentence. Vacating the sentence and being resentenced to a term less than life is a totally different thing than being sentenced using the corrugability factors Miller outlines. And I think that the relief actually could be greater under Miller because, again, a defendant could come and say, Graham requires resentencing. He could be resentenced to less than life for 80 years, still less than life, but the resentencing wouldn't have to take into account what Miller says and what Montgomery says the Court must do. And Montgomery is very clear. Miller mandates only that a sentence follow a certain process considering an offender's youth and attendant circumstances. Graham does not require that. So Miller was decided when, 2012? 2012. And he filed his – Phillips filed his second 2254 when, in 2015? Correct. So why is his Miller claim timely? The Miller claim is timely because he put the marker down, the Dodd marker, in 2013. And the Supreme Court said you have to file within one year of when the right is initially recognized. Even if the Court hasn't made it retroactive then, you still have to put the marker down or else you miss the boat. So he put the marker down to preserve the claim, but the claim wasn't presented because it wasn't available then. Okay. The one-year statute of limitations begins to run from the date a new right is recognized, right? Correct. So I did not follow your argument about why he had three years to file a Miller claim. So in – Why could he not bring a – explain that to me again, please. Miller was not available at the time he filed his initial petition. Because it had not been made retroactive? That's correct. But we have held that it begins to run, I believe, from the date it was – it is made, I thought, not when it is later made retroactive. But you're saying – Yeah, from the date of announcement. From the date of announcement, not from the date it's made retroactive. And so in vial, which is an end vial – No, no, no, no, no. Just stay with my question. The right was recognized in 2012. Correct. The claim is made in 2015. The right became available in 2012. Correct. It is – It did not become available insofar as it wasn't available to him in 2012. I didn't want the cases solved. That's not – yeah. What – Cases don't give you the right when it's made retroactive. The cases say it's available to you to make the argument when it's announced. And the time starts running then. And the Supreme Court has noted it could be unfortunate, could be indeed unfortunate if it's not made retroactive within the one year. But you're still stuck with the one year. As a matter of fact, you did raise it. That's the other side of the coin. Dodd was different from this case in that in Dodd he did not put the marker. Really not. I mean, if you could just focus on the question. If we think about it this way, under that view, an applicant like Mr. Phillips who followed all the rules, complied with Dodd, absent equitable tolling, the number of federal habeas applicants in this circuit who would be able to claim relief under Miller would be zero. No. Claims are frequently filed for protective reasons. Arguments are frequently filed. Should relief later be made retroactive? And that's exactly what Mr. Phillips did in 2013. He put the Dodd marker down to preserve the claim. Okay. He raised it, didn't he? He preserved it but didn't present it. The statute prohibits only claims that were presented in a prior application. He is preserving the claim because it is not yet made available to him. Congress designed a two-step process for second or successive habeas applicants like Mr. Phillips to obtain relief. First, appeals courts determine whether applicants made a prima facie showing that they may satisfy the requirements of 2244B, which is the subsection that Congress referred to when defining appeals court's review. Then after the grant of the PFA, district courts conduct a holistic analysis of all the requirements of 2244 to determine whether the petition may be granted. Here, again, Mr. Phillips seeks relief under 2244B2A. Miller satisfies, and the government does not dispute that Miller satisfies, each of the criteria for relief under B2A. It is a new rule of constitutional law made retroactive by the Supreme Court, not previously available to him under the en banc ruling in Vial and Dodd. The government is going to argue that Vassil forecloses the argument, but for the reasons we stated, Vassil just does not control here. First of all, I think there are sort of two ways to look at this court's decision in Vassil. One is on the merits, and the other is as a time bar. And I think under either of those, the court will act jurisdiction to decide the claim as it did in Vassil. And I think it's important to look at the two-step PFA process is analogous to the COA or certificate of appealability process for obtaining a permission to appeal the district court's dismissal of a habeas application. And in Miller v. Cottrell, the Supreme Court drew a clear line between COA review and the merits review, saying when a court of appeals sidesteps the COA process by first deciding the merits and then justifying denial on the merits. And going back to Judge Neumeier's question, assuming that the Miller claim was timely, I still don't understand why his claim is based on Miller and not Graham. Because Miller's holding was directed to homicide offenses. So why isn't he relying on Graham? I think that the defendants in Miller were homicide defendants. And I think he could rely on Graham. No, the holding was a homicide offense. Basically, it addressed the homicide situation. But it relied on the doctrine set forth in Graham. I think Montgomery provides clarity to Miller's holding and says this is about process, a court ability hearing. But Miller, if you're relying on Miller, which you say you are, then Miller's holding has to be applicable, has to be the basis for the petition. But it's not. You're relying on Graham. What you're trying to do, and I think this is what is giving me conceptual difficulty, is that you are extrapolating from related discussions about the treatment of juveniles in homicide and non-homicide cases to find a composite right that runs from where any of those decisions is made. But in point of fact, the Supreme Court decision upon which you rely, factually and holding-wise, is Graham. We respectfully disagree. And I think that that is a question for the district court or for this court on an application for a COA or after a COA. And I think this court's decision in Hubbard just last year makes that very clear. There the government argued. But Hubbard doesn't define the – we're looking to what the basis, the legal basis, the underpinning that is created by the Supreme Court. I think all Mr. Phillips has to show now is prima facie showing. I think the legal basis, as Hubbard says, it is for the district court to determine whether a new rule extends to the movements case, not for this court and this proceeding. And this is the exact argument that was made in Hubbard. And this court characterized that as an argument about proper application of the rule. But the new rule, if there is a new rule, it's the new rule in Miller, not the new rule that covers your client's behavior and petition for non-homicide offenses in Graham. I think whether Miller applies to Mr. Phillips, and it's our position that it does, that is a decision for the district court to reach. And I think the D.C. Circuit's opinion in Andre Williams makes that very clear there. This is in Williams, unlike Hubbard, which was a Johnson case, Williams was a Miller case. The issue in Graham is whether or not a juvenile offender who did not commit homicide, whether or not in that situation, whether or not the Eighth Amendment prohibits life without parole for a juvenile who did not commit homicide. Correct? Yes. Is that not the issue we have here? Mr. Phillips was- Yes or no? Yes. So, again, why are we revisiting a claim, that claim, the claim that was presented and decided in Graham, why would we revisit in the context of what the Supreme Court did in Miller with respect to homicide rulings, which is not presented here? I think if the court draws a clear line and says- I did, but we're not, the Supreme Court did. The Supreme Court in Graham said a juvenile offender who did not commit, the Eighth Amendment prohibits life without parole for a juvenile who did not commit a homicide. Okay? That's the Supreme Court's line. That's not our line. For Graham? Correct. Correct. So what are you claiming from Miller? The remedy here, I think he's making a Miller- No, the right. The right you're claiming. We're talking about the right. Right to affordability hearing that takes into account- That's a procedural question. The question is, is there any additional right you're claiming beyond Graham? Again, I think it's the right to a hearing, which Graham would say- No, the right, the substantive right. Graham would say- You're picking pieces of, and that's what went back to my question, and why I find this, why I have little charts in my notes, because you're picking pieces of things that you like or that you're latching onto from different Supreme Court cases to re-trigger the beginning of the running of the statute of limitations. When, in point of fact, the right, and I'm not hearing anything that suggests the contrary, the right that you're relying on was created in Graham. The substantive right not to be sentenced to life without parole for a non-homicide offense was created in Graham. That's correct. I think that Miller, a defendant can qualify for relief under both Graham and Miller. We happen to be late as to Graham on the statute of limitations, but I don't think that forecloses a claim under Miller. Why? What happens to the statute of limitations then? If the Supreme Court substantively does something on a different point, which is a different holding that, in your view, encompasses, it's broader than perhaps or analogous or related that you then get to start the statute of limitations running again, do you have authority for that proposition? Once it starts, isn't it only told by a petition alleging a right under that Supreme Court decision? It doesn't restart after the Supreme Court says something else, arguably, in the vicinity. I think it's important to keep in mind, our position is that the statute of limitations isn't at issue here. Just stay with me on my question because it is at issue if you are making a claim, as it seems to me you have to be, under Graham that's untimely, that it is the issue. I think that I would direct your honor to the opinion in Brown from August, which your honor authored, and in Brown we said, consistent with what is required of this court at the PFA stage, we do not consider the timeliness of, and this is, we're talking about Hubbard's, Hubbard's underlying merits arguments. And the merits arguments there were, does Johnson apply to his case? And I'm understanding the court to ask, does Miller apply to Mr. Phillips' case? No, that's not what I'm asking. I'm asking, is his petition, is his claim, is the right he is seeking to vindicate based on Johnson? I'm sorry, you confused me by throwing in Brown. Is it based on Miller or is it based on Graham? And it's, I don't see how you can argue that it isn't based on Graham. That's the difficulty that I'm having.  Yeah, and I'm, yeah, and I'm, yeah. That a defendant could get relief under both Graham and Miller, but he isn't limited to either or. Thank you. I'll reserve the rest of my time for rebuttal. All right. Governor Shane. May it please the Court, Chris Obenshane representing the respondent in this matter. We would agree with the petitioner that this case presents a straightforward application of the statutory requirements for pre-filing authorization. And we're asking the Court to deny Phillips' petition because he fails to meet those statutory requirements under Section 2244B. In the first instance, Phillips fails to meet the requirements under 2244B1 because he has already presented the claim that he now seeks to raise in his second or subsequent petition. In his initial application for. And what do you think that claim is? Your Honor, our position is that that claim is under Graham.  However, as this Court ruled in Basel, simply does no work for him because his claim is in fact, as this Court noted, the substantive rule upon which he seeks relief was first announced by the United States Supreme Court in Graham. And that is the new rule of constitutional law that applies to his case. And that is the rule. What do you understand he's claiming to get from Miller that he couldn't have gotten from Graham? Your Honor, I'm sorry. What is he asking? What do you understand the petitioner to be claiming to get from Miller that he could not have gotten under Graham? I don't believe that there's anything he can get from Miller that he could not have gotten from Graham, Your Honor. Well, that was my question to him, and I didn't quite understand his response. And I thought you might have a better understanding of what position he's making, but. Your Honor, I think the only. He said at one point, either or. And that was also a little confusing. That he could do it under either or both, but was not limited to one, I think is a paraphrase. Your Honor, I think the only thing he can get under Miller is what he's asking this court for, which is leave to file a second or successive petition. No, that's not the question. The question is whether or not, is not whether you think he has a successful claim. We're just asking for your understanding of why he thinks Miller helps him. Do you want to understand what his argument is? I don't believe that Miller does help him. I didn't ask you. I didn't ask you if you think he wins his argument. We're asking you, do you, can you tell us, and what do you think he's arguing under Miller? We're not asking you to say he wins it. Do you even understand the argument he's presenting under Miller? Your Honor, I think Miller, in this instance, is a guise to be able to re-litigate his grand law. Well, that certainly isn't his argument. His argument isn't, I'm glad I got Miller because that gives me a chance to cheat you guys and I get to go again. That's not his argument. No, that's not his argument. I'm asking you, do you understand his argument? It seems to me, we're just asking you to help us understand it. Maybe we're missing something. Is it that somehow Miller, it restates his right, so therefore it's broader than his right or therefore it gives him a new shot at his right? What do you understand? Do you understand what his argument is under Miller? Do you understand it? Maybe I don't understand it, Your Honor. That's a fair answer. You might not be alone. I think the reason why Miller is invoked in this case, why he's invoking Miller, is to. He's seeking a ground for not necessarily relief on the merits, but the ability he wants pre-filing authorization to have the right to argue  Yes, Your Honor. I believe he wants the opportunity to go back to the district court and re-litigate his Miller claim. And you are opposing that because? We're opposing that, Your Honor, for several reasons. First of all, that claim, the claim he seeks to present now, was previously presented. In his initial habeas petition in the district court, he raised two claims, Graham and Miller. Both of those claims were presented to the court in his initial petition. The district court dismissed the petition as untimely. He appealed that decision to this court. This court dismissed the appeal, and then he filed a second habeas petition in the district court, which was dismissed because he didn't seek authorization from this court for a second or successive petition. So initially at the outset, his claim is barred by 2244B1 because he previously presented, even if you accept his facial argument that it's a Miller claim, that he already presented that claim as well. He clearly presented the Graham claim previously, and that is barred. But he also presented the Miller claim in a previous petition. And I'm trying to understand what he gained from presenting a Miller claim. Substantively, what new right or what additional right did Miller give him? Miller did not give him any additional right, Your Honor, because he is a non-homicide offender. Phillips was sentenced to four life sentences for non-homicide offenses, and that is why our position is that Vassal controls this case. Well, I understand what Vassal said, but I must say, I'm genuinely trying to understand the petitioner's argument here, and I'm having some difficulty, and I'll ask him again when he comes up, but trying to find what in his circumstances does he gain from Miller? But I gather I'm exhausted that way. As I've answered, Your Honor, I don't think there is anything he can gain from Miller. I do think, I mean, I understand his point, I think. He is saying, I think, that he is not, right now he's seeking authorization to file a second or successive. And he's saying that he has presented a comparable enough claim to get to the district court on a second or successive, as distinguished from a merits-based entitlement. And what would your response be to that? Your Honor, my response to that would be twofold. First of all, the statute requires, if I understand his argument to be that all he has to do is raise a claim under a new rule of constitutional law, he still has to show, first of all, that that new rule of constitutional law, which I agree that Miller is a new rule of constitutional law. We certainly aren't disputing that. But in order for him to get something from his Miller claim, You're saying that in order for it to be colorable, it needs to be a little more than in the neighborhood. That's correct, Your Honor. You can't just invoke it. I think the language of the statute is that he's relying on a new rule of constitutional law. No, he has to show that his claim relies on a new rule. That's correct. And the question is, does his claim rely on Miller or does his claim rely on Graham? His claim relies on Graham, Your Honor. He has got two hurdles. One, if it's Graham, it's raised at any way. And the second is he did already present Miller in his first application. Which I think shows, Your Honor, that it wasn't previously unavailable to him. So I think it fails on two. His argument is unavailable is a term that requires it to be retroactive at that point. And I'm not sure that's the correct interpretation of it available. All I thought is that he can make the argument in his petition whether it will be successful. That's another question. But he could use it in his petition and did, in fact, use it. And it seems to me the Supreme Court has explored this area to indicate that it may not turn out to be fair. We may not make it retroactive for ten years. But he still has the obligation to present it when it's announced, the rule is announced. I believe that's the interpretation of the Supreme Court as well as this court in Williams 2 and in Wright. I think both of those cases this court has looked at. It is the right. He has to raise it. Does the petitioner have to then raise any case that might be anywhere near the neighborhood? Is that the requirement then? That in that initial petition, first filing, any new Supreme Court decision at all, that could even arguably, beyond the stretch, be in the neighborhood, does the petitioner have to mention it then? The first filing? I don't think he has to mention any. I think he has to mention the case that announced the new rule of constitutional law that he relies on. I know that, but would then a lawyer for a petitioner have to consider every possible new Supreme Court decision that could possibly, maybe, perhaps, possibly, apply to his situation so that he could later argue that? I think that would be the responsibility of his counsel. To list every case. To look at the cases that could apply to provide relief to a petitioner. And to err on the side of listing it if the lawyer is not absolutely sure. I think that would be the prudent course, Your Honor. You sure you want to be responding to petitions like that? Since you have to respond to 400 cases? Is that the standard? Well, I may be giving the Supreme Court more credit than they think they deserve for announcing cases. I'm trying to find what you think is the mix between mentioning it and being able to argue it later. Well, again, Your Honor, I think we're talking about when the Supreme Court announces a new rule of constitutional law that applies to the petitioner. Right. That's what I thought I was talking about. I don't think typically there would be 400 cases in a given year that would announce a new rule of constitutional law that applies to each petitioner. I think that would be typically it's not quite as frequent that the Supreme Court says we've announced a new rule of constitutional law. I know that, but the point would be that somebody, you may not think something announces a new rule, but that certainly doesn't mean a lawyer can't argue that. Just saying. I mean, that's where we're headed into this morass, I think, if we don't get a handle on exactly what's supposed to happen. Does futility figure into our calculations at all? I think it does, Your Honor, and I think, as the Court noted in Vassil, this Court has no obligation to engage in. You think that's where sort of a presentation on we want to be allowed to make this argument to the District Court, butts up against maybe the same questions we're asking now. That's right, you're making an argument. You're making an argument that what are you entitled to? What new right are you entitled to? Well, I think there's, under the statute, there's two considerations. First of all, this Court has to determine whether he is actually relying on what new rule of constitutional law is he actually relying on, which we're arguing it is Graham and not Miller. But then, beyond that, 2244B3C, he has to make a prima facie showing of possible merit to warrant fuller exploration by the District Court. And I think even if we get past... You think that's the futility right there? That's the futility, Your Honor. That's correct. I think even if we get past the fact that he previously presented this claim, and so he's barred under B1... He discussed Miller at some length in his petition, didn't he? First petition. He did, Your Honor. Two pages, and applied it, and made the arguments, and quoted it? Yes, Your Honor. Starting at page 33 of the joint appendix, he raises a separate Miller claim that is separate from his Graham claim. And I think that's a distinction. It goes on for several pages, discussing Miller. Yes, Your Honor. And quotes from Miller, and says why he can't be sentenced. Now, if it's... Why doesn't that say it was not presented in a prior application? I think it clearly was presented in a prior application. But not addressed, as I recall. It wasn't addressed, Your Honor. But again, the statute, for the purposes of this court's consideration for pre-filing authorization, this statute is concerned with limiting the re-litigation of old claims. And EDPA's concern here is in finality. And he had the opportunity to raise that claim. He did raise that claim in a previous petition. He litigated it. He, in fact, appealed the district court's ruling to this court, and mentioned Miller again in his appeal. And so that claim, I think any... The idea that that claim wasn't presented in a previous federal application for habeas relief is not supported by the record in this case. This is a somewhat unusual set of facts, isn't it? Just the fact that you have what is basically a Graham-defined claim. The petitioner actually alludes to and argues Miller below and to this court, although the district court didn't address it. And then is seeking, three years after Miller was decided, a petition to file a second or successive petition, leave to file a second or successive petition based on Miller, which was raised in the context of a Graham claim. I'm just... It's very hard to... Is this a usual set of facts? It just seems unusually convoluted to me. And I'm just asking your perspective on how the facts presented themselves in the context of the petitions. Because the Miller claim now would be untimely, but it does... And it does appear that it had to have been previously available because it was mentioned before. I agree that it's an unusual set of facts here. But I think that's why Vassil is important to consider, this court's ruling in Vassil, that it addresses foursquare this distinction between Graham claims and Miller claims that are dressed up like... There are Graham claims that are dressed up like Miller claims. And it also addresses the fact that nothing in this statute requires this court to grant authorization to claims that are clearly barred as a matter of law. And that is one of... The case that we have, that this court has before it, is another one of those cases. That was a case that the B1A... B1 says we're not to consider if it was previously presented. And he has, in his petition, his earlier petition, he has two grounds. His first ground is Graham, and he spends one page describing Graham. And then he says ground two, he relies on Miller, and he spends three pages on Miller. And describes why that's applicable. Is there anything more he has to do to satisfy the presented? No, Your Honor. And I think it's interesting that he... It's not a bullet mark. It's not a marker. He doesn't say anything about availability. He doesn't say anything about retroactivity. He relies on both Graham and Miller and quotes it at some length. Yes, Your Honor. I think that's all he has to do to present that claim in a prior application. And that acts as a bar to presenting that claim. It's actually a pretty good presentation. He quotes all the things that are applicable to him. They seem to be very repetitive of Graham, except his references to mandatory life in prison without the possibility of parole. He does quote that for homicide persons. But he also quotes all the provisions in Miller that relate to juveniles, the consideration of youth, treating them as children. And he puts those quotes in there. I'm wondering why. What is the word in B-1 that says we have to dismiss it if it was presented in a prior application? B-1 requires a dismissal. It says the petition shall be dismissed if it's previously presented. On those grounds, we ask the court to deny his motion. Could I just renew that same question to you, focusing on B-1? The statutory provision says that if it was presented in a prior petition, the petition shall be dismissed. And when you look at the petition, it's a fairly articulate petition. It has ground one and ground two. And ground two is exclusively devoted to Miller, and it's a much more extensive discussion than under Graham. And why isn't that presented, the rights claimed under Miller presented? I think the answer is that he could not have presented it because it was not available to him. What do you mean he could not have? He deserved it. It wasn't available to him. Well, that isn't a requirement. He presented it to us or to the district court, and the statute doesn't require that it be addressed. It doesn't require that it be available. That's the B-2. And I think that addressing Judge Duncan's question about this is a bit convoluted because Mr. Phillips. No, no, stick with my question. Why isn't it presented? I'm getting there, Your Honor. Oh, okay. He complied with all the rules. Under the Supreme Court's ruling in Dodd again, he has to put down a marker. If he waits for the Supreme Court to make it retroactive. Where does this marker come from? He didn't say I'm putting in a marker. He said I am claiming a right under Miller, ground two, and he spent two and a half pages in detail discussing the right he's claiming. I don't understand what right you're claiming now in this petition, the second petition that is not included in his petition. And so I'd like to address that. Again, the right is the right to a Miller hearing, and I think that Montgomery clarified that. Tell me where it says it, Miller, that he has a right to a hearing, that that's a constitutional right, a duty. I don't have the page number. I think that Montgomery breathes clarity to Miller. Let's stick with Miller. We're talking about Miller presenting a new right. The right to a corrugability hearing. That's right. What are you talking about? Hearing on what? Hearing on his youth and attendance characteristics. Montgomery clarifies, a hearing where youth and its attendance characteristics are considered is necessary. Miller requires a sentence to consider a juvenile offender's youth. What does Graham say? Graham says what the state must do, however, is give defendants like Graham some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. I think that Graham is on the back end of that. The case is after Graham said, look, this is a matter of how long or parole. Miller is on the front end to what can he be sentenced to. And I think that it's important to think about if the homicide, non-homicide distinction is at play here, then in Miller-Montgomery, the Supreme Court granted more rights to homicide offenders than to non-homicide offenders by allowing them this hearing. The problem, and this is what makes this so hard to follow, your first habeas petition was filed a year after Miller was decided. Within one year. Right. I'm sorry. I'm sorry if I'm, yes. Well, the statute of limitations is important to you. Within one year, yes. Yes, and that's my point exactly. So Miller was available. Under this court's vile ruling, which was en banc, and I'm unaware of an en banc ruling to say otherwise. Vile says only when the Supreme Court. Well, I understand why Dodd wouldn't trump that the one year statute of limitations runs from the date a new right is recognized, not from the date it's later given retroactively. That's right. And he complied with. He was forced to. He did it exactly as applicants are supposed to do. Because if he waits for Montgomery, Dodd would say you're too late. And that's why. Why are we now waiting for Montgomery? He had Miller, which is what you're now, I thought, latching onto. Well, this court says subsequently in Johnson that Miller isn't retroactive. So he, again, I think it's important to think about if applicants like Mr. Phillips who put down the Dodd marker and comply with the Supreme Court and Dodd are not able to preserve. He didn't put any reservations on it. He asserted all the rights under Miller. Again, respectfully, he's a pro se litigant. No, I'm suggesting he's more than pro se. He's doing better than counsel would have done. In other words, he is saying I have a right under Miller. And he quotes all the provisions for two pages under Miller. And he makes it ground two, a separate ground. That's not a pro se deficiency. Certainly he preserved the Miller claimant. Respectfully, perhaps he has to do more. He presented it. What do you mean preserved it? Where do you get that from his petition? Miller was not available to him. He could not have presented it. He did present it. That's my point. There's nothing about it. It's not a question of whether he succeeds or can succeed. Dodd says you don't have to succeed. As a matter of fact, Dodd said it's an unfortunate gap. But that's the system. Dodd was a, if I may, I'm not out of time, actually. Dodd's a different context, but still Dodd's the same principle. It was a different set of facts in Dodd. He did not put, again, Mr. Phillips did everything he's supposed to do. Dodd did not put the marker down before more than one year. And the Supreme Court says you can't go back then. And, again, respectfully, if that rule were to apply here, no federal habeas applicants in this court could get relief under Miller because Montgomery was more than one year later. The Supreme Court says that may be unfortunate. That may occur when our retroactivity ruling comes more than one year beyond. They may lose those rights. And they acknowledge that. Are you referring to Dodd in that? Yeah. In Dodd, though, he did not file within one year. Mr. Phillips preserved that Miller claim. He didn't file within one year. Miller was decided in 2012. He then presented Miller. It was not, no relief was granted. He's now presenting it again because he's claiming it's retroactive. Which it is now. He preserved it when he filed within one year. He had to. The Supreme Court says you have to do this. Let's say he preserved it. He not only preserved it, he presented it. You haven't addressed my perspective. It's possible that if he only said, I'd also like to raise a Miller claim, the government might come up and say he waived it because he didn't say enough about it. You apparently had decided for purposes of your argument to use the word marker for whatever reason. But is the point of your marker is your marker includes an argument completely made but not yet available? Counselor is shaking his head, yes. Yes. Yes. That's right. That's your argument. Your argument is just that an argument, I don't know if it's correct or not, but you decided you want to hang your word on marker, marker, marker. I guess you developed your argument that way. But your point is, at least your point of argument is, we made the argument. You didn't make the – you presented and made that argument, didn't you? We preserved that argument. Listen to me. Listen. You want to dodge facts because you think that hurts you. You heard what was read to you. It was presented. It was made, wasn't it? Respectfully, we disagree that it was presented within the meaning of B1, Your Honor. Well, there you go now. See, that's what you need to be saying, that that's your argument. Okay, let's hear the reasons for that argument, why it wasn't presented. Because it could not have been. It was not available to him. Factually, you agreed, he put it in there, and he argued it. Yes. And he argued it in some detail, and he quoted everything that you're arguing that should have been done as a child, even though I think Graham says the very same thing, that's even during sentencing. But let's set that aside. We're talking about the success of his petition, not whether it was presented. And there may have been a defense to it, and then you have to address the God problem. But the B1 doesn't go any further than the word presented. Now, I want you to give me, if you have it, any case that says presented means only arguments that could have been successful. Again, I'm unaware of a case that deals with presented, but I would direct the court to this court's en banc decision in vial that says, only when the Supreme Court declares the collateral availability of the rule, does the rule become available to habeas applicants. And he could not have presented it. You've heard this argument before, and it's addressing B2. Availability is a B2 requirement. Isn't that right? That's correct. All right. B1 is a separate requirement. That is a gateway. And it says if it's been presented in a prior petition, you don't present it. You dismiss it. Now, the question is, that's pretty categorical. The question is, did he present it? And you say, no, he didn't present it because it wasn't available. But factually, I read it. He couldn't have presented it, Your Honor, because, yeah, it was not available. But he happened to do so. He had good insight. And I think that the court needs to grapple with how would it? If you present the petition, why are you making this petition now? He says because Miller decided a new case, a new ruling, he said. And I would like to address the rule, if I may, and I realize I'm out of time here. I think it's important to look at the relief available from Miller. And I think that we can do that by looking at Montgomery. You actually have made that argument with respect to the inquiry that you say that Miller triggers about. The contextual assessment of the petitioner's status as a juvenile. I think the right that it gave is a hearing, which is distinct from the right in grant. Show me where that is in the opinion, Miller. I don't want you to go to Montgomery. I want you to go to Miller. That's the right you say was a new right. It's not in front of me here, Your Honor. We'd be happy to submit a supplemental briefing on where the right is. That's all right. I'll reread it. Okay. Thank you. Thank you, Your Honor. And we'll come down and brief counsel and take a short recess. Oh, just a minute. Just a minute. Mr. Andrews, you were court appointed? Yes, Your Honor. I want to thank you for your service, your very perceptive arguments. And as you know, this is an important part of our process, and I don't want to overlook it one bit. Thanks a lot. Thank you, Your Honor. This honorable court will take a recess.
judges: Paul V. Niemeyer, Dennis W. Shedd, Allyson K. Duncan